SLR:KAN:KRH
F.#2009R01167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ERIC MAIONE,

             Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

10-CR-0010 (S-6) (ENV)

       WHEREAS, on February 1, 2011, the defendant, ERIC MAIONE, entered a plea of guilty to Count Eleven of the above-captioned indictment, charging a violation of 18 U.S.C. § 1962(c), and

       WHEREAS, the defendant has consented to the entry of a forfeiture money judgment in the amount of two thousand dollars and no cents ($2,000.00) in United States currency (the "Forfeiture Money Judgment") pursuant to 18 U.S.C. § 1963(a) as property which: (a) represents an interest he has acquired or maintained in violation of 18 U.S.C. § 1962(c); (b) constitutes an interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over an enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of 18 U.S.C. § 1962(c); (c) constitutes or is derived from proceeds obtained directly or indirectly from racketeering

2

activity in violation of 18 U.S.C. § 1962(c); and/or (d) constitutes a substitute asset pursuant to 18 U.S.C. § 1963(m);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(a) and Fed. R. Crim. P. 32.2;

2. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service," with the criminal docket number noted on the face of the check. On or before the date the defendant is sentenced (the "Due Date"), the defendant shall cause said check to be hand-delivered to Assistant United States Attorney Karen Hennigan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. If the defendant is unable to pay the full amount by the Due Date and needs to establish a payment schedule, his attorney should contact the Office and one can be established. If the Forfeiture Money Judgment is not paid on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest from the Due Date.

3. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property up to the value of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m). The defendant shall fully assist the government

in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

    4. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due. The forfeiture of the money forfeited hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution.

    5. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any

4

proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      September 28, 2011

s/ENV

_____
HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE